

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*United States District Courthouse*
*300 Quarropas Street*
*White Plains, New York 10601*

April 11, 2022

**BY ECF AND EMAIL**
Honorable Valerie E. Caproni
United States District Court Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square,
New York, New York 10007

      Re: *United States v. Edwin Cortorreal,* 17 Cr. 438 (VEC)

Dear Judge Caproni:

      The Government writes in response to the Court's Order dated April 7, 2022 (Dkt. 689) to respectfully request an adjournment of the *Daubert* hearing scheduled for May 2, 2022 in the above-captioned case. The defense opposes adjourning the hearing and requests an opportunity to respond.

      The Government requests an adjournment to be able to adequately prepare to defend and address the defense's new challenges to the DNA evidence on the cellphone battery, which as the Court notes is critical evidence. This adjournment is necessary, because the Government requires additional time to review the casefile for this second piece of DNA evidence to assess the arguments it may want to make in defending its LCN process. The Government needs additional time to determine what additional witnesses, if any, and what additional exhibits would be appropriate to present now that the *Daubert* hearing is going to include an overall critique of LCN and a challenge to this second piece of DNA evidence. While the Government appreciates that there are still three weeks until the May 2 *Daubert* hearing, the Assistant United States Attorney from the prosecution team who is most familiar with these issues is currently on trial before Judge Torres, which trial is expected to last through the week at least and which will not allow the Government to work on preparing for the expansion of this *Daubert* hearing during that time. In addition, on April 4, 2022, defense counsel sent the Government a list of six discovery requests, which the Government understands to be discovery requests relating to the cellphone battery DNA evidence. The Government needs time to review these requests, determine whether there are any additional materials that need to be collected from OCME and produced to defense counsel in response to these requests, and allow time for the Government itself to review any additional information OCME may have in response to these requests. Furthermore, the individual at OCME who would likely be the individual to help the Government prepare to respond to defense counsel's challenge to the cellphone battery DNA evidence is in the middle of testifying in a *Frye* hearing.

      For the foregoing reasons, the Government respectfully requests that the Court adjourn the *Daubert* hearing in this case. This adjournment is necessary for the Government to be able to

adequately assess and prepare to defend the challenge that has just recently been raised to a critical piece of evidence in this case. The Government believes that with additional time, it will not only be able to adequately prepare for the hearing, but will provide an opportunity for the Government to more efficiently address the issues at any hearing. It is possible that many of the issues may have been adequately addressed in *United States v. Morgan*, for example, and thus with proper time to prepare, the Government will better be able to assess what, if anything, is different in this case and what additional information will need to be presented to the Court.

With respect to the timing of a rescheduled *Daubert* hearing, the Government requests that the hearing be adjourned to the week of June 6, 2022, or June 13, 2022. The Government's witness will be unavailable May 9 through 20, 2022, and the Government is unavailable June 27 through July 7. The Government further requests until April 22, 2022 to file a request to the Court to submit any supplemental briefing on the cellphone battery DNA analysis. The Government does not wish to make an additional filing if it is not necessary, but needs additional time to assess the case file to determine whether additional briefing would be helpful, particularly since the Assistant United States Attorney most familiar with these highly technical issues in this case is currently on trial.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: /s/ Courtney Heavey
Courtney Heavey
Adam Hobson
Justin Rodriguez
Assistant United States Attorney
(212) 637-2413