# RUHNKE & BARRETT
ATTORNEYS AT LAW

47 PARK STREET
MONTCLAIR, N.J. 07042
973-744-1000

2 9 BROADWAY, SUITE 1412
NEW YORK, N.Y.  10006
212-608-7949

973-746-1490 (FAX)

DAVID A. RUHNKE (davidruhnke@ruhnkeandbarrett.com)   ◊   JEAN D. BARRETT (jeanbarrett@ruhnkeandbarrett.com)

REPLY TO MONTCLAIR OFFICE

April 12, 2022

By ECF
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10004

Re:   *United States v. Edwin Cortorreal*, 17 Cr. 438 (VEC)

Dear Judge Caproni:

We write to oppose the government's request to adjourn the *Daubert* hearing scheduled for the week of May 2, 2022 for several reasons. First, the government has had more than a month to consider whether it needs additional witnesses to address a challenge to LCN and yet it appears to have made little effort to do so, quite possibly because its major witness on the topic has already been identified. Furthermore, our *Daubert* motion filed in August explicitly attacked the reliability of diluting samples to run them through LCN rather than normally high copy testing. In addition, the discovery request made by the defense which the government implies was triggered by the LCN challenge was almost exclusively directed to the challenge to the admissibility of the duct tape evidence. And finally, the fact that the AUSA primarily responsible for this hearing is in trial until the middle of this week had been considered when the May 2 hearing date was set.

The government actually does not say that it will need to call an additional witness; just that it needs to consider it. Such consideration should not take very much thought. There have been three *Daubert* and *Frye* hearings in recent years which have addressed OCME's LCN testing. In two of those hearings, the prosecution only called Dr. Craig O'Connor to testify. *United States v. Morgan*, 53 F. Supp. 3d 732, 734 (S.D.N.Y. 2014); *State v. Rochat*, Docket No. A-0103-17 (N.J. App. Div. Jan. 28, 2022). In the third, *United States v. Wilbern*, 17 Cr. 6017 (CJS) (W.D.N.Y.), federal prosecutors called two witnesses: Dr. O'Connor and the lab analyst who handled the sample at issue. In this case, the government has already produced hundreds of pages of Dr. O'Connor's prior testimony concerning LCN, an unlikely

RUHNKE & BARRETT
ATTORNEYS AT LAW

HONORABLE VALERIE E. CAPRONI, U.S.D.J.
April 12, 2022
Page 2

scenario unless it anticipated that he would testify on the topic. The government long knew that it needed to have him opine on LCN to address the second point of our brief in support of the original motion concerning the dilution of the sample so that the LCN procedure could be used. Dr. O'Connor is the go-to witness about OCME's LCN testing procedures and the government already intended to elicit testimony from him concerning LCN.

The government writes that "the individual at OCME who would likely be the individual to help the Government prepare to respond to the defense counsel's challenge to the cellphone battery DNA evidence is in the middle of testifying in a *Frye* hearing." The government is apparently referring to the very same Dr. O'Connor who has been testifying in *People v. Burrus* in Kings County for two or three hours a day by video from his office, one or two days a week. His next scheduled half-day of testimony is almost two weeks from now on April 22. It is difficult to discern how this makes him unavailable to assist the government in preparing its case.

The government's suggestion that the April 4 discovery requests concern the cellphone battery is misleading since much of the request concerned the duct tape testing or previously requested items to which there had been no response. For example, we requested the color versions of the electropherograms that OCME created in place of the low quality black and white photocopies that we received. We also requested the validation studies for the Cofiler, Profiler, and Identifiler kits that OCME used to analyze the DNA in this case; studies apparently relied on in paragraph 10 of Dr. O'Connor's declaration dated September 7, 2021, Dkt. 645.

It has been more than a month since our March 10 request for the government's position on our motion to amend which, we delayed filing until the government responded to that request on March 15. The government never said, either in our early March phone call discussing witnesses, including Dr. van Daal whose testimony is directly related to the LCN challenge, or in email communications, that addressing the cellphone battery would require an adjournment, nor did it make that argument in its opposition to the request to amend (Dkt. 681). We understand that the AUSA taking the lead in this hearing is presently one of two AUSAs on a felon-in-possession of ammunition trial expected to last through the middle of this week, however her availability was something considered when the current hearing date was scheduled.

We are concerned that delaying the hearing will make corralling all the experts again at the same time difficult, especially as we approach the summer months. We also note that Ms. Barrett will be at a hearing in Detroit during the week of June 6 and would be hard-pressed to pivot immediately to this complicated hearing if it were to be scheduled for the week of June 13.

RUHNKE & BARRETT
ATTORNEYS AT LAW

HONORABLE VALERIE E. CAPRONI, U.S.D.J.
April 12, 2022
Page 3

      We do consent to the government's request that any brief be due on or before April 22 and respectfully request leave to file a response, if necessary. However, we respectfully request that the Court maintain the May 2 hearing date.

Respectfully submitted,
/s/ _____
Jean D. Barrett
Benjamin Silverman

cc:    Counsel of Record by ecf
       Edwin Cortorreal by first class mail

C:\CASE FILES\TRIAL_FILES\CASES PENDING TRIAL\Cortorreal, Edwin\Motions\Daubert Motion\Gov't adjourn request\Judge Caproni 4-11-22.wpd