LAW OFFICE OF
# BENJAMIN SILVERMAN

224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/4/2023
```

April 3, 2023

By ECF
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10004

Re:   *United States v. Edwin Cortorreal*, 17 Cr. 438 (VEC)

Your Honor:

We write respectfully to request that the Court (1) sign the clothing order attached as Exhibit A; (2) grant us until April 7, 2023 to address the government's "supplemental" motions *in limine*; and (3) sign the subpoenas attached as Exhibits B and C requiring a critical OCME witness to testify at trial and OCME to produce documents to us.

I.   **We respectfully request that the Court sign a clothing order**.

Attached as **Exhibit A** is a proposed clothing order requiring the MDC to accept trial clothing and to permit Mr. Cortorreal to wear it to court during the trial.

II.   **We request until April 7 to address the government's "supplemental" motion *in limine*.**

On Friday evening, the government filed 14 pages of "supplemental" motions *in limine*. Dkt. 800. We respectfully request until April 7 to address these motions.

III.   **We request that the Court sign Rule 17 subpoenas.**

Attached as **Exhibit B** is a Rule 17 subpoena requiring OCME Assistant Director Kayla McKay to appear to testify. McKay made a critical change to the major donor profile of swab 2B from a cellphone battery. The government has indicated that it will not

Hon. Valerie E. Caproni
United States District Judge
April 3, 2023
Page 2

call her. Her testimony is essential to Mr. Cortorreal's right to confront the evidence the government will offer. In addition, attached as **Exhibit C** is a subpoena *duces tecum* for relevant documents from OCME.

### A. Background

The history of the cellphone battery testing has been extensively described in the record. *E.g.*, Dkt. 727 at 27-32; Dkt. 789; Dkt. 791 at 11-19. As relevant here, OCME deduced a major donor profile in 2007 that excluded Mr. Cortorreal. It then changed the profile eight years later on approximately the date that it learned about the suspects in this case. In a March 17, 2023 letter, the government disclosed that the change was made by OCME Assistant Director Kyra McKay, who then communicated it to Lana Ostojic, the analyst who the government plans to call at trial. Dkt. 789 at 2 ("McKay said that she thought she documented the allele call error in the non-conformity report based on McKay's own identification of the error.").[1]

We asked the government if it will make McKay available as a witness and were advised to serve a subpoena on OCME.

### B. Applicable Law

#### 1. Rule 17 Subpoenas.

Rule 17(a) provides that the Clerk of Court may issue subpoenas in blank for trial testimony. In our experience, city agencies frequently require judge's signatures on a subpoena before they will comply, even though that is not required under the rule.

In addition, Rule 17(c) of the Federal Rules of Criminal Procedure, which governs the issuance of subpoenas duces tecum, provides for the production of documents in advance of trial. Rule 17(c)(1) provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

As the Supreme Court held in *United States v. Nixon*, 418 U.S. 683 (1974), a party

---

[1] The government produced its notes from conversation with McKay as "non-testifying witness" 3500 material. They are consistent with what we write above and how the government described McKay's statements in its March 10 letter.

Hon. Valerie E. Caproni
United States District Judge
April 3, 2023
Page 3

may obtain a subpoena for the pretrial production of documents where (a) the information sought is evidentiary and relevant; (b) the documents are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (c) the party cannot properly prepare for trial without such production in advance of trial and failure to obtain the documents may lead unreasonably to delay the trial; and (d) the application is made in good faith and is not intended as a general "fishing expedition." *In re Irving*, 600 F.2d 1027, 1034 (2d Cir. 1979) (citing *Nixon*, 418 U.S. at 699-700).

### 2. Confrontation Clause

Criminal defendants have a Sixth Amendment right to confront witnesses against them, including witnesses who provide forensic evidence. *See Bullcoming v. New Mexico*, 564 U.S. 647, 658 (2011); *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 314-15 (2009). If a prosecutor wants to introduce the results of forensic testing, the defendant must have an opportunity to cross-examine the analyst responsible for the test. *See Bullcoming*, 564 U.S. at 663.

This constitutional right of confrontation fosters the truth-seeking function of trials, since cross-examination of the testing analyst is "especially likely to reveal whether vials have been switched, samples contaminated, tests incompetently run, or results inaccurately recorded." *See Williams v. Illinois*, 567 U.S. 50, 119 (2012) (Kagan, J., dissenting). At the same time, this right does not depend on a court's evaluation of the reliability of proffered evidence. Analysts must be made available for confrontation even if they possess "the scientific acumen of Mme. Curie and the veracity of Mother Teresa." *Melendez-Diaz*, 557 U.S. at 319 n.6.

In *Williams v. Illinois*, 567 U.S. 50 (2012), the Supreme Court splintered over the specific scope of confrontation rights regarding forensic DNA evidence. *Williams* comprises four opinions, with no majority, which together do not "yield a single, useful holding." *See United States v. James*, 712 F.3d 79, 95 (2d Cir. 2013). But reading *Williams* with *Melendez-Diaz* and *Bullcoming*, the Second Circuit has distilled several relevant principles: First, to be "testimonial," forensic evidence does not have to specifically target a defendant; the evidence must be made to aid a police investigation and used against him at trial. *See Garlick v. Lee*, 1 F.4th 122, 132-36 (2d Cir. 2021). Second, in a jury trial, when forensic evidence is offered for its truth, a defendant has a right to confront the person who produced the evidence. *See id.* at 135, n.6. Third, DNA profiles may be "testimonial." *See Washington v. Griffin*, 876 F.3d 395, 407 n.10 (2d Cir. 2017).

### C. Analysis

McKay's appearance as a trial witness is essential to Mr. Cortorreal's confrontation rights under the Sixth Amendment. McKay made a critical change to the

Hon. Valerie E. Caproni
United States District Judge
April 3, 2023
Page 4

cellphone battery evidence and communicated that change to the analyst who will testify. Mr. Cortorreal is entitled to question her about why she made this change. Her testimony is further relevant and necessary because she created the non-conformity report (Dkt. 784-3) that which was excluded from the case file and withheld from evidence until we began to inquire about irregularities. She is therefore the witness through which the non-conformity report can be offered into evidence. For these reasons, we respectfully request that the Court sign the subpoena for her testimony (**Ex. B**), which we have dated for the start of the second trial week, when we anticipate we may be ready to proceed to the defense's case.

Both OCME and McKay may also be ordered to produce her files and correspondence about the cellphone battery sample under Rule 17(c). First, the materials are "evidentiary and relevant" under *Nixon* because they describe OCME's work on the DNA swab that the government will offer into evidence. Second, we have no way of obtaining these materials other than from either OCME or the government – they are OCME's records of its unique form of testing on this sample, and its later revisions to the results. Third, the requested materials are admissible both as past recollections recorded and business records. Fourth, this is not a fishing expedition. We have established (1) changes to the profile and (2) that McKay was at the center of a critical change. There is every reason to believe that the requested evidence is relevant.[2] We therefore also ask the Court to sign the attached subpoena *duces tecum* (**Ex. C**).

### IV. Conclusion

For the foregoing reasons, we respectfully request that the Court (1) sign the proposed clothing order; (2) grant us until April 7 to address the government's March 31 filing; and (3) sign the subpoenas attached as Exhibits B and C for testimony and documents from OCME. Thank you for your consideration.

Respectfully submitted,

/s/
Jean Barrett
Benjamin Silverman

cc: Counsel of record (by ECF)
    Edwin Cortorreal (by U.S. mail)

---

[2] We also believe that the materials fall under *Brady*. If OCME complies with the subpoena, we will avoid litigating whether OCME is part of the government's "prosecution team" in this case.

Application GRANTED.  Defendant's deadline to respond to the Government's supplemental motion in *limine*, Dkt. 800, is **April 7, 2023**.  The Court will enter separately the proposed orders.  The Court notes that the granting of Defendant's Rule 17 subpoena is without prejudice to any argument from the Government regarding admissibility.

SO ORDERED.

*/s/ Valerie Caproni*   Date: 4/4/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE