LAW OFFICE OF

# BENJAMIN SILVERMAN

224 WEST 30TH ST., SUITE 302
NEW YORK, NY 10001

TEL (212) 203-8074
FAX (646) 843-3938
Benjamin@bsilvermanlaw.com

April 23, 2023

**By ECF**
Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10004

    Re:    *United States v. Edwin Cortorreal*, 17 Cr. 438 (VEC)

Your Honor:

    We write respectfully to request that the Court rule *in limine* that the defense may offer two police reports under Rule 803(6). One report describes the officer's firsthand knowledge about a Motorola phone belonging to Kelly Diaz that was secured and then seized in his apartment in the hours following the murder. The other contains a prior inconsistent statement by Yamel Duran, who was the government's first trial witness.

    **I.**    **Background**

    Both of the DD5 reports we seek to admit were produced to us in the evening on March 31, 2023, within over 10,000 pages of 3500 material – produced at the same time as over two hundreds of audio recordings of testifying witnesses. Counsel endeavored to review and digest the information in these documents as quickly as possible.

    One of the 3,000 pages of non-testifying witness 3500 is Detective John McSherry's report about obtaining a search warrant for Kelly Diaz's Motorola phone. Detective McSherry's report (Exhibit A) is filed under seal because the government has marked this routine DD5 as "Sensitive." It was discussed on the record at the end of the day on Wednesday and it states in substance that on October 27, 2006 at 10:00 pm – *i.e.*, the day after Diaz was killed – McSherry and "ADA Clark" obtained a search warrant for Kelly Diaz's Motorola cellphone. The government states that it does not have the search warrant or the returns. We submitted a Freedom of Information Law request to the New York County District Attorney's Office in 2020 – before we knew specifically about this

Hon. Valerie E. Caproni
United States District Judge
April 23, 2023
Page 2

search warrant – and have not yet received a response.

A separate report by Detective Carmen Rodriguez memorializes a conversation with Yamel Duran, Kelly Diaz's common law wife, approximately two hours after the killing. According to the report, Duran stated that "[t]he victim did struggle with the subject in possession with the gun, and then the victim was shot in the head, she was underneath the victim."

The defense has made efforts to subpoena Detectives McSherry and Rodriguez to testify, thus far without success. On April 12, we served subpoenas on the NYPD's Pension Fund to obtain their addresses. Although it originally stated that it would provide addresses where the officers could be served on April 21, the Pension Fund later informed us that it will not comply with the request until April 24, by which time it will likely be too late to subpoena the officers.

## II. Detective McSherry's Report is admissible under Rule 803(6).

Detective McSherry's report concerning Diaz's Motorola phone is admissible under Rule 803(6). "A criminal defendant may offer police reports under the business records hearsay exception in Federal Rule of Evidence 803(6)." *United States v. Carneglia*, 256 F.R.D. 384, 391 (E.D.N.Y. 2009) (Weinstein, J.). "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted . . . ." *United States v. Pazsint*, 703 F.2d 420, 424 (9th Cir. 1983) (cited with approval in *Honeywell, Inc. v. Rowe*, 929 F.2d 901 (2d Cir. 1991)).

Here, the contents of the report reflect McSherry's firsthand knowledge: he states in the report that he was present with the ADA in court to obtain the search warrant. Those facts further imply that McSherry had firsthand knowledge that Diaz had a phone: he would have been in court because he was the affiant in support of the search warrant who set forth facts that the particular phone to be searched was likely to yield evidence of a crime.

We can lay a foundation through any NYPD officer that DD5s are created and maintained in the ordinary course of business and that creating and filing these reports is ordinary business activity for police detectives. The McSherry Report is dated October 31, 2006, which is near the time of the October 27, 2006 facts stated in the report. Thus, a solid foundation exists to admit the report as a business record. *Carneglia*, 256 F.R.D. at 391.

In the coming trial week, we anticipate that the government will place great weight on a cellphone battery found in the public hallway one floor below Kelly Diaz's

Hon. Valerie E. Caproni
United States District Judge
April 23, 2023
Page 3

apartment. We believe it will argue in summation that the battery proves Mr. Cortorreal's presence at the crime scene and/or corroborates cooperator testimony about using Motorola phones. It is therefore acutely relevant that Kelly Diaz himself had a Motorola cellphone and that the battery could just as easily have belonged to the victim.

In short, McSherry's report concerning his firsthand knowledge as to the existence of a Motorola cellphone and a search warrant for its contents are both admissible under Rule 803(6). Permitting the report in under Rule 803(6) will also obviate a defense motion for a continuance so that we have enough time to make use of the *Brady* document that we identified within an ocean of over 10,000 pages of materials produced on March 31.

### III.   The Rodriguez Report is admissible under Rule 803 and 807.

Detective Carmen Rodriguez's DD5 report (Ex. B) contains two layers of hearsay: the report itself and the Duran statement contained within it. The first layer is admissible under Rule 803(6) for the same reasons as the McSherry DD5 report.

The second layer of hearsay is admissible as a prior inconsistent statement under Rule 613(b). Ms. Duran was confronted with the fact that she made statements to Detective Rodriguez that are in conflict with her trial testimony:

> Q: That night you were interviewed three times, right, by detectives?
>
> A: Correct.
>
> Q: And you talk to a Detective Rodriguez and told Detective Rodriguez that there was a struggle between Kelly and the man with the gun, didn't you?
>
> A: No.
>
> Q: Well, if Detective Rodriguez wrote that in a report, would that be wrong?
>
> A: Yes, I never said that.

Trial Tr. 43-44.

Given these categorial denials after being confronted with the fact of a statement

Hon. Valerie E. Caproni
United States District Judge
April 23, 2023
Page 4

in Detective Rodriguez's DD5, the prior inconsistent statement in the report is admissible under Rule 613(b). Thus, both layers of hearsay are admissible under Rules 803(6) and 613(b) respectively.

### IV.   Conclusion

For the foregoing reasons, we respectfully request that the Court rule *in limine* that the defense may offer into evidence the McSherry and Rodriguez reports attached as Exhibits A and B respectively.

Respectfully submitted,

/s/
Jean Barrett
Benjamin Silverman

cc: Counsel of record (by ECF)
    Edwin Cortorreal (by U.S. mail)